# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-322V

|  |  |
|---|---|
| GEORGE TAYLOR, | Chief Special Master Corcoran |
| Petitioner, |  |
| v. | Filed: August 21, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, *for Petitioner.*

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, *for Respondent.*

## DISMISSAL DECISION[1]

On March 23, 2020, George Taylor filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging a *right* SIRVA. But my previous finding that the at-issue vaccine was likely administered in Petitioner's *left* arm,[3] and the lack of any further submissions

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] *See* Findings of Fact and Conclusions of Law Dismissing Table SIRVA Claim filed June 18, 2024 (ECF No. 45) (containing a longer discussion of the procedural history, and the underlying evidence, which is fully incorporated and relied upon herein).

from Petitioner,[4] establish that entitlement cannot be substantiated – even on the basis of a causation-in-fact claim. Accordingly, the matter is appropriately dismissed for insufficient proof and for failure to prosecute.

### Insufficient Proof

Under Section 13(a)(1)(A) of the Act, a petitioner must demonstrate, by a preponderance of the evidence, that all requirements for a petition set forth in section 11(c)(1) have been satisfied. A petitioner may prevail on his claim if the vaccinee for whom he seeks compensation has "sustained, or endured the significant aggravation of any illness, disability, injury, or condition" set forth in the Vaccine Injury Table (the Table). Section 11(c)(1)(C)(i).

If, however, the vaccinee suffered an injury that either is not listed in the Table or did not occur within the prescribed time frame, petitioner must prove that the administered vaccine caused injury to receive Program compensation on behalf of the vaccinee. Section 11(c)(1)(C)(ii) and (iii). In such circumstances, petitioner asserts a "non-Table or [an] off-Table" claim and to prevail, petitioner must prove his claim by preponderant evidence. Section 13(a)(1)(A). This standard is "one of . . . simple preponderance, or 'more probable than not' causation." *Althen v. Sec'y of Health & Hum. Servs.,* 418 F.3d 1274, 1278-80 (Fed. Cir. 2005) (referencing *Hellebrand v. Sec'y of Health & Hum. Servs.*, 999 F.2d 1565, 1572-73 (Fed. Cir. 1993). The Federal Circuit has held that to establish an off-Table injury, petitioners must "prove . . . that the vaccine was not only a but-for cause of the injury but also a substantial factor in bringing about the injury." *Shyface v. Sec'y of Health & Hum. Servs.*, 165 F.3d 1344, 1351 (Fed. Cir 1999). *Id.* at 1352. The received vaccine, however, need not be the predominant cause of the injury. *Id.* at 1351.

The Federal Circuit has noted that petitioners "must show 'a medical theory causally connecting the vaccination and the injury'" to establish that a vaccine was a substantial factor in bringing about the injury. *Shyface*, 165 F.3d at 1352-53 (quoting *Grant v. Sec'y of Health & Hum. Servs.*, 956 F.2d 1144, 1148 (Fed. Cir. 1992)). In addition, "[t]here must be a 'logical sequence of cause and effect showing that the

---

[4] Petitioner filed a Response to my Table Dismissal and Order to Show Cause. ECF No. 46. However, rather than taking the opportunity to supply further evidence in support of any off-Table claim (or to seek leave to do so in the form of expert support) as instructed, Petitioner's Response appears to essentially seek reconsideration of the aforementioned Findings of Fact and was thus procedurally inappropriate. *See,* e.g., *id.* at 4 (urging that the Court "should use Petitioner's Response to Show Cause as an opportunity to fix an injustice to Petitioner"). Indeed, Vaccine Rule 10(e) contemplates that a motion for reconsideration be filed within 21 days of a special master's decision as to whether an award of compensation is to be made. *See id.* My Table Dismissal and Order to Show Cause did no such thing; rather, it left the door open for Petitioner to submit further evidence in pursuit of any off-Table claim in the non-vaccinated arm, which Petitioner did not do. *See* ECF No. 45 at 11.

vaccination was the reason for the injury.'" *Id.* The Federal Circuit subsequently reiterated these requirements in its *Althen* decision. *See* 418 F.3d at 1278. *Althen* requires a petitioner:

> to show by preponderant evidence that the vaccination brought about her injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.

*Id.* All three prongs of *Althen* must be satisfied. *Id.*

Finding a petitioner is entitled to compensation must not be "based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." Section 13(a)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Cucuras v. Sec'y of Health & Hum. Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

I previously determined that the Hepatitis A vaccine received by Petitioner on July 2, 2019, was more likely than not administered in his left deltoid. That finding required dismissal of his right-sided Table SIRVA claim, but he was permitted to consider whether any off-Table, causation-in-fact claim might be feasible. However, he has not made any representation to that effect – within the specified 30-day timeframe, or in the *14 months* thereafter.

The medical records do not establish causation-in-fact. In particular, the initial evaluations by primary care providers either fail to mention shoulder issues (of either laterality) or contain conflicting medical assessments of Petitioner's shoulder complaints. *Compare* Ex. 3 at 141-45 (a visit on August 2, 2019, with no mention of shoulder symptoms), *with id.* at 147 (listing the chief complaint as "L [sic] shoulder pain" on September 13, 2019, but undergoing an examination of the right shoulder). An orthopedist

reviewed that Petitioner's MRI and clinical evidence were not consistent with a fracture, dislocation, structural abnormalities, or bursitis.[5] Ex. 4 at 6.

I also observe that no provider recorded the independent belief, let alone proposed a medical theory, that the vaccine's administration or any of its components caused Petitioner's right shoulder complaints. Any mere *references* to the vaccine in the record are based on Petitioner's history, centering on a right-sided administration – which, I have found, has inadequate evidentiary support. *See,* e.g., *Snyder v. Sec'y of Health & Hum. Servs.*, No. 01-0162V, 2009 WL 332044, at *187 n.523 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *mot. for review den'd*, 88 Fed. Cl. 706 (2009) (discussing the importance of an accurate factual basis for any treating provider or expert opinion); *Burns v. Sec'y of Health & Hum. Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that a special master may reject an opinion that is "based on facts not substantiated by the record").

Otherwise, the medical records merely show a potential temporal association with the vaccine in question – also reported by Petitioner – that seemed to be ruled out following further diagnostic testing revealing other conditions or abnormalities in the right shoulder. *Compare* Ex. 4 at 8-10 (a September 26, 2019 orthopedic assessment including "a complication following immunization" and ordering an MRI for "possible immunization complication"), *with id.* at 4-6 (an October 10, 2019 orthopedic assessment following MRI that did not include an immunization complication).

Petitioner was instructed to consult with Respondent and the Court if he wished to seek medical expert support for his off-Table claim. Findings of Fact at 11 (noting that any request for experts would likely support the case's transfer out of SPU). But he has not requested expert involvement. Accordingly, there is insufficient evidence of causation-in-fact to proceed with the claim.

### Failure to Prosecute

An additional ground for dismissal herein arises from Petitioner's general failure to prosecute this matter. It is a petitioner's obligation to follow and appropriately respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per

---

[5] Rather, Petitioner's MRI revealed "a small full thickness tear of the distal supraspinatus tendon[,] moderately severe outlet narrowing[,] small rim-rent tears in the infraspinatus tendon[, and] a small full-thickness tear in the subscapularis tendon at the site of insertion." Ex. 4 at 6. Following this review of Petitioner's MRI, the orthopedist's assessment included: 1) localized primary osteoarthritis of the right acromioclavicular joint, and 2) a nontraumatic rupture of the right rotator cuff tendon. *Id.*

curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

My June 18, 2024 Findings of Fact specifically warned Petitioner that any remaining causation-in-fact claim risked dismissal, and therefore it was critical that he took steps to bulwark the claim. But he did not respond appropriately (*see supra,* note 4) by the 30-day deadline or at any time thereafter, without offering any justification or explanation. As previously warned, this lack of response (in the form of additional evidence/argument regarding an *off-Table* claim) is hereby interpreted as a failure to prosecute. Findings of Fact at 11.

### Conclusion

Accordingly, this case is **DISMISSED** for insufficient evidence and for failure to prosecute. The Clerk of Court shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.